UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
DHL AVIATION NV,

                        Plaintiff,                **MEMORANDUM & OPINION**

            - against -                  No. 14-cv-01046 (PKC)(RLM)

GLOBAL DELIVERY SYSTEMS LLC,

                        Defendant.
--------------------------------------------------------

PAMELA K. CHEN, United States District Judge:

Plaintiff DHL Aviation NV ("DHL") brings this action seeking the enforcement of a foreign money judgment it obtained against Defendant Global Delivery Systems LLC ("Global") in the Commercial Court of Brussels, Belgium in November 2012. Presently before the Court is DHL's motion for summary judgment to enforce the judgment. (Dkt. 39.) Global has not filed any opposition. For the following reasons, the Court GRANTS DHL's motion.

## BACKGROUND

In May 2006, DHL commenced an action against Global before the Commercial Court of Brussels, Belgium, seeking damages in excess of $1.2 million for breach of contract. (Dkt. 39-2, Pl. 56.1 ¶ 1.) Global appeared before the Commercial Court and asserted a counterclaim against DHL. (*Id.* ¶ 2.) On November 19, 2012, the Commercial Court entered judgment for Plaintiff and against Defendant in the amount of $1,256,370.81 plus interest beginning July 1, 2004 (the "Belgian Judgment"). (*Id.* ¶ 3.)

DHL commenced this action in February 2014 to enforce the Belgian Judgment. (Dkt. 1.) In March 2014, Global appealed the Belgian Judgment to the Court of Appeals in Brussels. (Pl. 56.1 ¶ 6.) Thereafter, Global moved to dismiss, or alternatively, stay DHL's action, arguing that

its appeal precluded the Belgian Judgment from being final. (Dkt. 6.) In January 2015, the parties jointly moved the Court to stay the action pending the Belgian Court of Appeal's determination. (Dkt. 31.) The Court granted the joint motion and stayed the case. (Jan. 9, 2015 Order.) In April 2015, the Belgian Court of Appeal ruled that Global's appeal was untimely and dismissed the appeal. (Pl. 56.1 ¶ 7.) On October 9, 2015, DHL filed the instant unopposed motion for summary judgment. (Dkt. 39.)

## DISCUSSION

New York law governs actions brought in New York to enforce foreign judgments. *V. Corp. Ltd. v. Redi Corp. (USA),* No. 04-cv-01683, 2004 WL 2290491, at *2 (S.D.N.Y. Oct. 9, 2004) (citing *S.C. Chimexim S.A. v. Velco Enterprises Ltd.*, 36 F. Supp. 2d 206, 211 (S.D.N.Y. 1999)); *see also SerVaas, Inc. v. Republic of Iraq*, No. 12-cv-822, 2012 WL 335654, at *3 (S.D.N.Y. Feb. 1, 2012). New York has a "long-standing" tradition of recognizing and enforcing foreign judgments, and it has adopted the Uniform Foreign Money-Judgments Recognition Act ("Article 53"). *S.C. Chimexim*, 36 F. Supp. 2d at 211 (citations omitted).

Article 53 grants judicial recognition to foreign money judgments that are "final, conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal." N.Y. C.P.L.R. § 5302. A foreign judgment is "not conclusive" if: (1) "the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law"; or (2) "the foreign court did not have personal jurisdiction over the defendant." N.Y. C.P.L.R. § 5304(a). These two bases of non-recognition preclude courts from recognizing the foreign judgment as a matter of law. *S.C. Chimexim*, 36 F. Supp. 2d at 211-12; *compare* § 5304(b) (listing discretionary grounds for non-recognition such as fraud and public policy).

2

Now that the Belgian Court of Appeal has dismissed Global's appeal, Global no longer disputes that the Belgian Judgment is "final." Nor does Global dispute that the Belgian Judgment is "conclusive." Indeed, having reviewed DHL's submissions in support of its motion, the Court is satisfied that the Belgian Judgment meets the three prerequisites under Article 53: (1) it is final and enforceable in Belgium, (2) Global was afforded due process in the Commercial Court, and (3) the foreign court properly exercised personal jurisdiction over Global.[1] Finally, there is no assertion that any of the discretionary grounds for non-recognition found in Section 5304(b) apply.

## CONCLUSION

For the foregoing reasons, the Court grants DHL's motion for summary judgment to enforce the Belgian Judgment against Global in the amount of $1,947,274.37 (representing the original award of $1,256,370.81 as well as $690,903.56 in pre-judgment interest from July 1, 2004 through November 23, 2015[2]). The Court additionally awards post-judgment interest pursuant to 28 U.S.C. § 1961(a).[3] The Clerk of Court is directed to enter judgment and terminate this action.

---

[1] DHL asserts that Global consented to personal jurisdiction in Belgium in two ways: (1) by purposefully availing itself of the Commercial Court by asserting a counterclaim against DHL, and (2) via a forum selection clause in one of the central contracts adjudicated in the Belgium proceeding, which was assigned to Global. (*See* Pl. 56.1 ¶¶ 2, 14, 16.) Global has disputed neither.

[2] The Thomas Wyatt Palmer Affidavit ("Palmer Aff.") submitted by DHL attaches the applicable Belgian interest rates for the years 2004 through 2015. (*See* Dkt. 39-3, Palmer Aff. Ex. 2.) DHL provided a calculation of the interest accruing between July 1, 2004 through August 31, 2015, (*see* Pl. 56.1 ¶ 5.), which the Court has reviewed and confirmed the accuracy of. That amount is $683,675.13. The Court has additionally calculated the amount of interest accruing since August 31, 2015 through November 23, 2015 using the 2015 interest rate of 2.5% provided by DHL. (*See* Dkt. 39-3, Palmer Aff. Ex. 2.) The Court determines that the additional amount of interest to be awarded is $7,228.43 (84 days * 0.025/365 * $1,256,370.81). Accordingly, the total amount of pre-judgment interest awarded is $690,903.56 (or $683,675.13 from July 1, 2004 through August 31, 2015 + $7,228.43 from September 1, 2015 through November 23, 2015).

[3] Although Article 53 is silent on the issue of post-judgment interest when enforcing foreign money judgments, the Court notes that courts have ordered post-judgment interest pursuant to 28 U.S.C. § 1961 in civil judgments confirming foreign arbitral awards. *See, e.g.*, *Mediso Med. Equip. Developing Servs., Ltd v. Bioscan, Inc.*, 75 F. Supp. 3d 359, 364 (D.D.C. 2014) (collecting

SO ORDERED.

*/s/ Pamela K. Chen*_____
Pamela K. Chen
United States District Judge

Dated: November 23, 2015
       Brooklyn, New York

---

cases).  The Court finds that an award of post-judgment interest pursuant to Section 1961 is appropriate in light of its mandatory language that "[i]nterest *shall* be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961 (emphasis added).